IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHRINE VEIKOS, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 20-4408-JDW |
| TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, | : JURY TRIAL DEMANDED |
| Defendant. | : |

PLAINTIFF'S PRETRIAL MEMORANDUM

Plaintiff, Cathrine Veikos, through her attorneys, submits this Pretrial Memorandum in accordance with Fed. R. Civ. P. 26(a)(3), Local Rule 16.1(c), the Court's Scheduling Order dated February 11, 2022, and the Amended Scheduling Order dated April 29, 2022.

I.  Brief Statement of the Nature of the Action and Basis for Court's Jurisdiction

Defendant, Trustees of the University of Pennsylvania ("Penn"), rejected the application for promotion to associate professor with tenure of Plaintiff, Cathrine Veikos, because of her gender (female) and/or family status (mother) despite the fact that she met all the requirements for promotion. After the tenure denial, Professor Veikos took the courageous step of complaining to Penn that the faculty members responsible for managing her tenure process discriminated against her, and requested that the University extend her employment for another year and conduct another tenure review process free from discriminatory bias.

In retaliation for her complaint, the Dean withdrew a prior offer to Professor Veikos to extend her employment for a year. In addition, rather than continue Professor Veikos'

employment and conduct a new and unbiased tenure review, Penn terminated Professor Veikos' employment and implemented a "re-review" of her application for tenure that was tainted by retaliatory bias, and which culminated in another rejection.

In this lawsuit, Professor Veikos asserts that Penn discriminated against her because of her gender and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et. seq., as amended and the Pennsylvania Human Relations Act ("PHRA"), as amended, 43 P.S. § 951, et seq. Professor Veikos also asserts that Penn discriminated against her because of her gender and/or family status and retaliated against her in violation of the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code § 9-1101, et seq. The Court has original jurisdiction over Professor Veikos' Title VII claims pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Professor Veikos' PHRA and PFPO claims pursuant to 28 U.S.C. § 1367.

II.     Brief Statement of the Facts

Penn appointed Professor Veikos as an assistant professor in the Department of Architecture, effective July 1, 2003. Upon appointment by Penn as an assistant professor on a tenure track, Professor Veikos knew she was limited to the seven (7) year "tenure probationary period" to generate sufficient scholarship to meet the University's tenure standards required for promotion to associate professor. After the birth of her son in the fall of 2006, Professor Veikos took advantage of one of Penn's "family friendly" policies, which allowed her to extend her probationary period and the corresponding consideration of her case for tenure for one year.

Penn first considered Professor Veikos' application for tenure during the 2010/2011 academic year when Marilyn Taylor was Dean of the School of Design, David Leatherbarrow had been appointed as Associate Dean, and William Braham had been appointed as interim Chair

of the Department of Architecture. By the time she was considered for promotion, Professor Veikos met Penn's standards for tenure, and was as qualified or more qualified than her comparators (male professors and/or female professors who were not mothers) who achieved tenure within the Department of Architecture. At the meeting when the Department of Architecture considered Professor Veikos' application for promotion with tenure, the faculty supported tenure by a vote of 5 in favor and 1 against. Both Professors Braham and Leatherbarrow voiced their support for Professor Veikos at the faculty meeting, and voted in favor of tenure.

Despite the overall positive vote at the faculty meeting, and their outward personal support for Professor Veikos among their colleagues, Professors Braham and Leatherbarrow advocated against Professor Veikos' case at the meeting of the School of Design Personnel Committee. Not surprisingly, given the Department leaders' opposition to Professor Veikos' tenure case, the Personnel Committee voted against tenure. Professors Braham and Leatherbarrow opposed granting tenure to Professor Veikos because of her gender and/or her family status, a conclusion that is supported by, among other things, the fact that they criticized Professor Veikos for aspects of her application that were identical to the applications of male tenure candidates who achieved tenure (including Professor Braham) and they attempted to hide their actions from the other decision makers.

After Penn advised her that the Personnel Committee had voted against her for tenure, Professor Veikos reached out to Dean Taylor and Lynn Hollen Lees, the Vice Provost for Faculty, for help to determine whether the tenure process had been handled fairly. Rather than conduct a reasonable investigation of the basis for the tenure denial, Dean Taylor simply deferred to Professors Leatherbarrow and Braham, and Vice Provost Lees deferred to the Dean.

When Professor Veikos told her that she was exploring the option to file a grievance with the faculty grievance committee about her tenure denial, Dean Taylor tried to dissuade Professor Veikos from enforcing her rights. Although she continued to deny that the tenure process had been unfair, Dean Taylor offered Professor Veikos a year of continued employment so she would have time to look for another job and with the hope that Professor Veikos would accept the result and move on.

Rather than give up on her dreams of achieving tenure at Penn, Professor Veikos presented a formal complaint to Dean Taylor in which she outlined the numerous procedural irregularities of her tenure review and raised her concerns that the University's rejection of her tenure application had been motivated by discrimination. In retaliation for Professor Veikos' complaint of discrimination, Dean Taylor withdrew the offer of continued employment.

Despite its public commitment to treating women caregivers equitably in the tenure process, Penn refused to examine the circumstances that resulted in the denial of tenure of a valued, qualified female professor. Instead, Penn agreed to do a "re-review" of Professor Veikos' tenure application that was plagued by retaliatory bias. In the re-review process, several members of the Department changed their votes to oppose Professor Veikos' candidacy, including Professor Leatherbarrow, who openly voted and advocated against Professor Veikos, and Frank Matero, whose changed vote on the Personnel Committee resulted in the discriminatory and retaliatory denial of tenure for the re-review.

III.  Plaintiff's Witnesses[1]

1. Cathrine Veikos - Plaintiff

Professor Veikos is expected to testify about all aspects of her claims and the harm she experienced as a result of Defendant's discriminatory and retaliatory conduct.

2. Eugenie L. Birch – former Chair, Personnel Committee

Professor Birch is expected to testify about her conduct in connection with Defendant's review of Plaintiff's applications for tenure.

3. William W. Braham – former Interim Chair, Department of Architecture

Professor Braham is expected to testify about his conduct in connection with Defendant's review of Plaintiff's applications for tenure and his communications with Plaintiff and others about such conduct and the tenure review processes of other members of Department of Architecture, including his own.

4. David Brownlee – former Chair, Faculty Grievance Committee

Professor Brownlee is expected to testify about his communications with Plaintiff and others regarding Defendant's handling of her initial tenure application, including his communications with the Dean about an offer to Plaintiff to continue her employment after June 30, 2011.

5. Sean V. Burke, Esquire - Associate General Counsel

Mr. Burke is expected to testify about Defendant's Position Statements submitted in response to Plaintiff's administrative complaints of discrimination and retaliation and his receipt of certain communications from Plaintiff's counsel.

---

[1] Although the local rules contemplate that each party will identify the addresses for the witnesses to be called at trial, Plaintiff has not listed such addresses for confidentiality reasons. Plaintiff will supplement the submission with witness addresses if the Court requires that information.

6.      Caroline Constant – External Reviewer

Professor Constant is expected to testify via video trial deposition about her role and observations as an external reviewer with respect to Plaintiff's initial tenure application.

7.      Annette Fierro – Associate Professor of Architecture

Professor Fierro is expected to testify via video trial deposition about the tenure process at Penn, her participation in and observations about Defendant's handling of Plaintiff's applications for tenure, her communications with others about Plaintiff's tenure review processes, her assessment of Plaintiff's qualifications for tenure at Penn, including as compared to other tenure candidates, the work environment in the Department of Architecture, and her observations of how Defendant's discriminatory denial of tenure impacted Plaintiff.

8.      K. Michael Hays – Plaintiff's Selected External Reviewer

Professor Hays is expected to testify via video trial deposition about his communications with Plaintiff about her tenure application at Penn, the absence of any request from Penn that he serve as an external reviewer in Plaintiff's tenure processes, and his experience as an external reviewer for Helene Furjan in the same year Defendant reconsidered Plaintiff for tenure.

9.      Lynn Hollen Lees - former Vice Provost for Faculty

Professor Lees is expected to testify about Defendant's efforts (or lack thereof) to address gender equity in the faculty, including its implementation of family friendly policies and training on the topic of unconscious bias, her conduct in connection with Plaintiff's complaints about the way Defendant conducted her initial tenure review, and Defendant's efforts (or lack thereof) to address Plaintiff's concerns.

10.     David Leatherbarrow – former interim Department Chair and Associate Dean

Professor Leatherbarrow is expected to testify about his conduct in connection with

Defendant's review of Plaintiff's applications for tenure and his communications with Plaintiff and others about such conduct and the tenure review processes of other members of Department of Architecture, including his own.

      11.      Frank Matero – Professor of Architecture

Professor Matero is expected to testify about his conduct in connection with Defendant's review of Plaintiff's applications for tenure, and his communications with Plaintiff and others about such conduct.

      12.      Ali Rahim – Professor of Architecture

Professor Rahim is expected to testify about his conduct in connection with Defendant's review of Plaintiff's applications for tenure, the basis for his assessments about Plaintiff's qualifications for tenure, and his own experiences during his tenure review process(es).

      13.      Witold Rybczynski - Professor Emeritus of Urbanism

Professor Rybczynski is expected to testify about his conduct in connection with Defendant's review of Plaintiff's applications for tenure, and the tenure review processes for other members of the Department.

      14.      Marilyn J. Taylor – former Dean, School of Design

Professor Taylor is expected to testify via video deposition and in person about her conduct in connection with Defendant's review of Plaintiff's applications for tenure and with respect to her offer, and then withdrawal of the offer, to Plaintiff to extend her employment at Penn, her communications with Plaintiff and others about such conduct, and Plaintiff's internal complaint of discrimination.

15. Kristin K. Kucsma – Plaintiff's Economic Loss Expert

Ms. Kuscma is expected to testify about Plaintiff's economic losses arising from Defendant's rejection of her applications for tenure.

IV. Plaintiff's Trial Exhibits

Plaintiff served her Schedule of Trial Exhibits to Defendant's counsel in accordance with the Scheduling Order. A copy is attached as Exhibit A.

V. Video Deposition Designations

1. Caroline Constant

Professor Caroline Constant, who served as an external reviewer during Plaintiff's first tenure review, resides in Massachusetts. Since she is outside the jurisdiction of the Court, the parties agreed to Professor Constant's trial deposition, which was held on October 13, 2022.

Plaintiff will present Professor Constant's trial testimony by video. Professor Constant's direct testimony, with the corresponding pages and lines of the transcript, is attached as Exhibit B. Plaintiff's objections to Defendant's cross examination of Professor Constant are contained in Exhibit C for a ruling by the Court. If the Court overrules the objections to Defendant's questioning of Professor Constant about the emails she exchanged with Plaintiff in 2017, Plaintiff will present the re-direct testimony that is contained in Exhibit D. Professor Constant's re-direct testimony, which is not dependent on a ruling by the Court, is attached as Exhibit E.

2. Annette Fierro

Professor Annette Fierro, who participated in Defendant's review of Plaintiff's applications for tenure, is on sabbatical from Penn and is out of the country for the 2022/2023 academic year. Since she will be outside the jurisdiction of the Court at the time of trial, the parties agreed to Professor Fierro's trial deposition, which was held on August 11, 2022.

Plaintiff will present Professor Fierro's trial testimony by video. Professor Fierro's direct testimony, with the corresponding pages and lines of the transcript, is attached as Exhibit F. Plaintiff's re-direct testimony is attached as Exhibit G.

3. K. Michael Hays

Professor Hays, identified by Plaintiff as one of her candidate selections for external reviewers for the re-review, resides in Massachusetts. Since he is outside the jurisdiction of the Court, the parties agreed to Professor Hays' trial deposition, which was held on November 21, 2022.

Plaintiff will present Professor Hays' trial testimony by video. Professor Hays' direct testimony, with the corresponding pages and lines of the transcript, is attached as Exhibit H. Plaintiff's objections to Defendant's cross examination of Professor Hays are contained in Exhibit I for a ruling by the Court. Plaintiff's re-direct testimony is attached as Exhibit J.

4. Marilyn J. Taylor

Marilyn J. Taylor was Dean of the School of Design during Defendant's consideration of Plaintiff's applications for tenure. Professor Taylor's deposition testimony is admissible pursuant to Federal Rule of Evidence 801(d)(2) as non-hearsay admissions regardless of her availability to testify at trial. Plaintiff will present the excerpts of Professor Taylor's deposition testimony identified in Exhibit K during her cross examination of Professor Taylor in her case in chief. For testimony that references an exhibit by the deposition exhibit number, Plaintiff's counsel will refer to the corresponding trial exhibit as follows: (1) P-Dep-47 will be presented to the jury as P-15; and P-Dep-90 will be presented to the jury as P-179.

VI.     <u>Damages</u>

    A.     <u>Economic Loss Damages</u>

As of July 23, 2021, Plaintiff's economic loss expert estimated the total present value of her economic loss, including back pay and front pay, to be $914,852. Plaintiff recently received Defendant's updated data of the compensation paid to tenured professors in the Department of Architecture and will be asking her economic loss expert to update her opinion based on such updated information.

    B.     <u>Compensatory Damages</u>

Plaintiff seeks compensatory damages for pain and suffering, emotional distress, mental anguish, and the loss of enjoyment of life caused by Defendant's discriminatory and retaliatory conduct under Title VII (subject to the applicable cap), the PHRA (uncapped), and the PFPO (uncapped). Such damages are not capable of precise calculation, and will be subject to the jury's discretion.

    C.     <u>Punitive Damages</u>

Plaintiff seeks punitive damages for Defendant's malice and/or reckless indifference to her rights under Title VII (subject to the applicable cap) and the PFPO (uncapped). Such damages are not capable of precise calculation, and will be subject to the jury's discretion.

    D.     <u>Attorneys' Fees and Costs, Prejudgment Interest, and Other Post-Judgment Relief</u>

To the extent she is the prevailing party with respect to her Title VII and/or PHRA and/or PFPO claims, Professor Veikos will be entitled, upon motion, to prejudgment interest, post-judgment interest, attorneys' fees and costs, recovery for negative tax consequences, and other post-judgment relief.

VII.  Legal Issues, Stipulations, Amendments of Pleadings or Other Matters

    A.  Back Pay and Front Pay – Equitable Remedies to Be Decided by Court

Plaintiff anticipates presenting her own testimony and the testimony of her economic loss expert to support damages for back pay and front pay. Since back pay and front damages pay are equitable remedies, Plaintiff anticipates that evidence relating to such damages will not be presented to the jury, but will be considered by the Court following the jury verdict in Plaintiff's favor on liability. Donlin v. Philips Lighting North America Corp., 581 F.3d 73, 78 n.1 (3d Cir. 2009). Plaintiff seeks confirmation from the Court on this issue prior to trial.

VIII.  Days for Trial

Plaintiff estimates the trial will take at least five days, but less than two weeks.

IX.  Time Limit of Trial Presentations

Plaintiff does not request that the Court impose time limitations for trial presentations on either party.

        Respectfully submitted,

        UEBLER LAW LLC

        */s/Julie A. Uebler*
        Julie A. Uebler, Esquire (ID No. 71297)
        101 Lindenwood Drive, Suite 225
        Malvern, PA 19355
        Tel. No.: (484) 875-3186
        Email: uebler@ueblerlaw.com
        *Attorney for Plaintiff,*
        *Cathrine Veikos*

## CERTIFICATE OF SERVICE

I, Julie A. Uebler, certify that I served Plaintiff's Pretrial Memorandum via the Court's ECF system on December 2, 2022 upon Defendant's counsel addressed as follows:

Michael L. Banks, Esquire
Klair Fitzpatrick, Esquire
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
michael.banks@morganlewis.com
klair.fitzpatrick@morganlewis.com

*Attorneys for Defendant*

*s/Julie A. Uebler*
Julie A. Uebler