**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CATHRINE VEIKOS <br><br> Plaintiff, <br><br> v. <br><br> TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA <br><br> Defendant. | Civil Action No. 2:20-cv-04408 |

**DEFENDANT'S MEMORANDUM OF LAW REGARDING THE SCOPE OF A NEW
TRIAL IF PLAINTIFF DECLINES REMITTITUR**

## I.      INTRODUCTION

Penn submits this Memorandum regarding the proper scope of a new trial if Plaintiff rejects the Court's remittitur of her compensatory damages.  Such a retrial should include questions of liability and compensatory damages on the sole claim on which Plaintiff prevailed: the 2012 retaliation claim.  It should not include a revisitation of the questions on which the jury found in favor of Penn.

## II.     ARGUMENT

### A.      Any Retrial Should Encompass Liability As Well As Compensatory Damages.

A new trial limited solely to damages is improper where "the question of damages is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial." *Gasoline Prod. Co*, 283 U.S. at 501.  The Third Circuit has "steadfastly" applied this standard "to prevent limited new trials where a tangled or complex fact situation would make it unfair to one party to determine damages apart from liability[.]"  *Pryer v. C.O. 3 Slavic*, 251 F.3d 448, 455 (3d Cir. 2001) (citing *Vizzini*, 569 F.2d at 760)).

It is especially difficult to untangle emotional distress damages from liability given that "emotional distress damages must be evaluated in light of all the circumstances surrounding the alleged misconduct."  *Spence v. Bd. of Educ. of Christina Sch. Dist.*, 806 F.2d 1198, 1202 (3d Cir. 1986).  This is because  "[d]istress … is proved by showing the nature and circumstances of the wrong and its effect on the plaintiff."  *Carey v. Piphus,* 435 U.S. 247, 264 (1978).  Here, the facts related to liability for the 2012 retaliation complaint are too interwoven with those relating to Plaintiff's alleged emotional distress to allow for a fair determination of emotional distress damages divorced from liability.  Indeed, it would be impractical to ask the jury to opine on the emotional distress caused by the 2012 tenure denial without parsing through the factual and legal

1

underpinnings that led to that denial.  Plaintiff made this very point in her Motion, arguing that she "presented evidence of a variety of emotional harms, including that she suffered the emotional distress that comes from experiencing betrayal by her mentor and colleagues as well as the injustice of Penn's illegal retaliation against her."  Dkt. No. 133-2 at 8-9.

Penn would be prejudiced by a grant of a new trial only on compensatory damages, without any opportunity for the jury to consider liability on the 2012 retaliation claim.  In a retrial limited to damages, the jury would have to be instructed that a prior jury found Penn liable.  New jurors hearing a truncated version of the evidence would not be privy to the prior jury's deliberations.  In similar contexts, recognizing that theories of liability and damages often inextricably overlap, courts have provided plaintiffs with the option to accept remittitur on a new trial that includes liability in addition to damages.  *See, e.g.*, *Hurley v. Atl. City Police Dep't*, 933 F. Supp. 396, 426 (D.N.J. 1996), *aff'd*, 174 F.3d 95 (3d Cir. 1999) (remitting an emotional distress damages award in a Title VII claim and holding that issues of liability and damages were too interwoven to allow a new trial on damages alone).  Penn submits that the same approach is warranted here.

## B.      The Court Should Not Grant a New Trial on Issues Which Were Fully and Fairly Determined by the Jury and Which Have Not Been Subsequently Challenged.

Any new trial would be a consequence of a decision by Plaintiff to reject a compensatory damages award that this Court determined to be fair and supported by the evidence.  While Plaintiff is entitled to make that decision, Penn should not be prejudiced by it.  It would be grossly unfair if Plaintiff's choice were to subject Penn to a retrial on questions as to which Penn prevailed.  Notably, Plaintiff did not file a post-trial motion on any of the following claims that she lost at trial: the claims that her tenure denials in 2011 and 2012 were discriminatory; the claim that the denial of a one-year appointment starting was retaliatory; and the claim for punitive damages.

(Dkt. 101, Questions 1 – 5, 8).  She should not be permitted to use her own rejection of the remittitur as a vehicle to accomplish what she did not even seek in a post-trial motion.

It is within the Court's discretion to award a partial new trial on a discrete issue when that issue is "distinct and separable" from previously litigated issues and when it is "fair under the circumstances."  *Vizzini v. Ford Motor Co.*, 569 F.2d 754 (3d Cir.1977) (citing *Gasoline Products Co., Inc. v. Champlin Refining Co.*, 283 U.S. 494, 515 (1931)); *Friedrich v. U.S. Computer Sys.*, Inc., No. CIV. A. 90-1615, 1996 WL 32888, at *2 (E.D. Pa. Jan. 22, 1996) ("The Third Circuit has . . . held that a court may award a partial new trial on discrete issues when it is 'fair under the circumstances.") (quoting *Mazer v. Lipschutz,* 327 F.2d 42, 52 (3d Cir. 1964)).  Partial new trials are appropriate when it is plain "that the error which has crept into one element of the verdict did not in any way affect the determination of any other issue."  *Romer v. Baldwin,* 317 F.2d 919, 922–23 (3d Cir. 1963) (internal quotation omitted).

Courts have consistently recognized the fairness and efficiency concerns implicated by ordering a comprehensive new trial when specific issues have been fully and fairly determined by the jury.  *See Co. Wrench, Ltd.*, 2014 WL 4546793, at *13 ("Given what the jury has already determined, it would unnecessarily and unjustly deprive each party of the benefit of the portions of the verdict that they each won were a new trial *in toto* be ordered."*); Friedrich*, 1996 WL 32888, at *3 ("[U]nder the circumstances, interests of efficiency and fairness point to conducting a partial new trial on this discrete issue."); *see also Yates v. Dann*, 11 F.R.D. 386, 392–93 (D. Del. 1951) ("[Rule 59] was intended… to prevent the retrial of any issue already properly decided, and to limit any new trial only to those issues which are incorrectly decided or not decided at all."); *Marcone v. Penthouse Int'l, Ltd.*, 577 F. Supp. 318, 337 (E.D. Pa. 1983), *rev'd on other grounds*, 754 F.2d 1072 (3d Cir. 1985) ("If an issue has been fairly and fully tried, it should not, in fairness

to the verdict winner, be retried unless its retrial is necessary because of its relationship to the issues requiring retrial."); *Pritchard v. Liggett & Myers Tobacco Co.,* 370 F.2d 95, 95-96 (3d Cir. 1966) (noting, in the context of a new trial after appeal, that where an "issue ... was decided by the jury in an earlier trial, the [party prevailing on that issue] may not be required to relitigate the same issue when the action is retried.").

Plaintiff's case does not present the type of "complex or tangled" factual situation that necessitates a new trial on all claims. *Simone v. Golden Nugget Hotel & Casino*, 844 F.2d 1031, 1040 (3d Cir. 1988). In *Fornicoia v. Haemonetics Corp.*, for example, a court held that claims of sexual harassment and constructive discharge were too "interwoven" to allow for a partial trial on just one of those issues because the facts needed to prove sexual harassment were "identical" to those needed for the constructive discharge claim and, if proven, the constructive discharge claim would itself fulfil an element (tangible employment action) needed to prove sexual harassment. No. CIV.A. 99-1177, 2006 WL 197116, at *3 (W.D. Pa. Jan. 26, 2006). On the other hand, the plaintiff's retaliation claim, the factual basis of which occurred years after the first incidents of sexual harassment, was separate and distinct from her sexual harassment claim, and thus did not require retrial. *Id.*

Plaintiff's 2012 retaliation claim is separate and distinct from her other claims, as evidenced by the jury's answers to the special verdict questions. As noted above, the jury found for Penn on every question other than this one claim, thus indicating that the jury certainly had no difficulty distinguishing the Special Verdict Question No. 6 from the questions that it answered in favor of Penn. That is unsurprising, given that the 2012 retaliation claim is factually and temporally distinct from the 2011 discrimination claim as well as the retaliation claim relating to the alleged withdrawal of a one-year appointment. Moreover, unlike in *Fornicoia*, the elements

4

needed to establish discrimination and retaliation are separate, and Plaintiff does not need to prove that discrimination occurred in 2011 or 2012 to prove retaliation in 2012. *See Co. Wrench, Ltd. v. Highway Equip. Co.*, No. 2:10-CV-1763, 2014 WL 4546793, at *13 (W.D. Pa. Sept. 12, 2014) ("Further, the issues to be retried are both factually and legally narrow, and are neither complex nor sophisticated.  In light of what the jury did find, these issues are not so inexorably intertwined with the balance of the case so as to require a complete new trial[.])"

There is also no reason to retry the claim for punitive damages arising from the 2012 retaliation claim.  No question of evidentiary overlap is presented, as the Court can simply decline to present to the next jury a claim on which Penn prevailed.  In *Schlier v. Rice*, the court rejected a plaintiff's argument that a new trial on compensatory damages necessitated the same on punitive damages.  No. 3:04-CV-1863, 2009 WL 1323564, at *2 (M.D. Pa. May 7, 2009).  The court reasoned that the jury had considered the evidence in light of the court's instructions and chose not to award the plaintiff punitive damages in addition to compensatory damages.  *Id.* at *2-4. Therefore, and because ***the plaintiff had presented "no evidence or argument"*** that the jury's verdict as to punitive damages was somehow tainted, the court declined to retry the issue of punitive damages.  *Id.*

## III.    CONCLUSION

For the foregoing reasons, Penn respectfully requests that the scope of a new trial offered as an alternative to remittitur should be limited to liability on the 2012 retaliation claim and any compensatory (emotional distress) damages associated with that claim.

Dated:   August 4, 2023                    Respectfully Submitted,

By: *s/ Michael L. Banks*
Michael L. Banks
A. Klair Fitzpatrick
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Tel:    215.963.5387/4935
Fax:   215.963.5001
Email:  michael.banks@morganlewis.com
            klair.fitzpatrick@morganlewis.com

*Attorneys for Defendant Penn*