IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHRINE VEIKOS,<br><br>    *Plaintiff,*<br><br>    v.<br><br>TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,<br><br>    *Defendant.* | Case No. 2:20-cv-04408-JDW |

## MEMORANDUM

I remitted the jury's non-economic compensatory damages award in this case, giving Ms. Veikos the opportunity to accept the remitted award or to have a new trial. Ms. Veikos requested I clarify what the scope of the new trial would be, should she reject the remitted award. The following principles guide my decision on the scope of a new trial.

*First*, there is a rebuttable presumption that a new trial will embody all issues unless the issues are distinct and separable. *See Gasoline Prods. Co. v. Champlin Co*, 283 U.S. 494, 500 (1931); *Pryer v. C.O. 3 Slavic*, 251 F.3d 448, 455 (3d Cir. 2001). As a result, a new trial limited to damages is improper when the question of damages is interwoven with the issue of liability. *Compare Spence v. Bd. of Educ. of Christina Sch. Dist.*, 806 F.2d 1198, 1201–02 (3d Cir. 1986) (affirming new trial order on all issues where plaintiff's claim for emotional distress damages involved "a tangled and complex fact situation that took

place over a one-year period") *with Wagner v. Reading Co.*, 428 F.2d 289, 291–93 (3d Cir. 1970) (remanding for new trial on damages only after holding that exclusion of plaintiff's evidence of wage records was prejudicial error).

*Second*, it is improper to limit the scope of a new trial when there is reason to think the verdict may represent a compromise among jurors. *Vizzini v. Ford Motor Co.*, 569 F.2d 754, 760 (3d Cir. 1977). In *Vizzini,* the Third Circuit noted there was "very thin" evidence on liability but there was sufficient evidence of substantial damages. *Id.* at 761. The Court interpreted the jury's low damages award and extended deliberations to reflect the "jury's deliberations on damages may have been influenced by its views on liability." *Id.*

*Third*, "emotional distress damages must be evaluated in light of all the circumstances surrounding the alleged misconduct." *Spence,* 806 F.2d at 1202. This is because "[d]istress … is proved by showing the nature and circumstances of the wrong and its effect on the plaintiff." *Carey v. Piphus*, 435 U.S. 247, 264 (1978).

Having seen the presentation of evidence at trial and presided over this case for nearly three years, I can say with confidence that liability and emotional distress damages on the retaliation claim are interwoven. The facts underlying this claim span over a year. Ms. Veikos points to the humiliation she experienced from the betrayal of her colleagues, and that betrayal is the conduct that she claims was retaliatory. In addition, she points to the tenure denial's impact on her career trajectory and her lack of motivation to produce scholarship as evidence to support her claim for emotional distress damages. A jury can

only assess these damages in the context of her full career and her relationships with fellow Penn faculty, all of which is also at issue in her retaliation claim.

The 2012 retaliation claim and the 2012 discrimination claim are also interwoven. Although the elements of the claims are distinct, the evidence supporting the two claims overlaps. In making her case for both claims, Ms. Veikos presented her external reviews and the selection of the reviewers to generate those reviews, the (lack of) faculty discussion of her case, the Personnel Committee vote, and the actions of Professor Leatherbarrow and Dean Taylor in managing the re-review. The difference is only whether a factfinder attributes a discriminatory motive, a retaliatory motive, or neither to these events.

Finally, the 2012 claims are not distinct and separable from the 2011 claims. While you could try 2011 without 2012, the 2011 tenure review colors every aspect of the 2012 tenure decision. You cannot discuss the faculty members that changed their vote in 2012 without discussing what their vote was in 2011. You cannot explain all the potential issues with the selection of external reviewers in 2012 without discussing the 2011 reviews and reviewers. You cannot show the difference in 2012 meeting documentation without first showing 2011. You cannot complain about the members of the 2012 Personnel Committee without showing they were the same as 2011. The past is more than prologue here. It is part and parcel of the whole narrative. A trial of the 2012 decision alone could not be had without injustice. *See Gasoline Prods. Co.*, 283 U.S. at 500.

Therefore, should Ms. Veikos reject the remitted damages award, there will be a new trial on all issues presented in the first trial. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

August 9, 2023